Ex Parte L. E. Ross.

No. 2524. Decided May 21, 1913.

Robbery—Bail—Reduction of Bail.

Where, upon habeas corpus, relator was charged with robbery by the use of firearms, and it appeared that the bail fixed in the court below was excessive, the same will be reduced by this court.

Appeal from the District Court of El Paso. Tried below before the Hon. Dan M. Jackson.

Appeal from a habeas corpus proceeding fixing relator's bond at $20,000 on a charge of robbery by firearms.

The opinion states the case.

*John T. Hill* and *Chas. Owen*, for relator.—On question of conviction upon one of several indictments growing out of same transaction as a bar to further prosecution: Simco v. State, 9 Texas Crim. App., 338; Wright v. State, 17 id., 152; Grisham v. State, 19 id., 504; Sadberry v. State, 39 Texas Crim. Rep., 466; Wilson v. State, 45 Texas, 76; Thomas v. State, 40 id., 36; Parchman v. State, 2 Texas Crim. App., 228; Williams v. State, 13 id., 285.

On question of ability to give bond: McConnell v. State, 13 Texas Crim. App., 390; Ex parte Campbell, 28 id., 376; Ex parte Hutchings, 11 id., 28; Ex parte Tittle, 37 Texas Crim. Rep., 597; Bill of Rights, sec. 13.

DAVIDSON, Presiding Judge.—Applicant was charged with robbery by the use of firearms. It is shown in the record that applicant and one or more others by the use of pistols committed the offense of robbery. Several persons were "held up" at the same time and robbed by the same persons, and all in the same room. In other words, the transaction was one, all the parties being robbed at the same time and place. Growing out of this several indictments were presented—some eighteen or twenty. As we gather from the record there was a separate offense charged for robbery as to each individual, and several cases charging conspiracy between applicant and others to commit the robbery. There was a trial before a jury on one of the cases, but no conclusion was reached by the jury; they were discharged without verdict.

The court fixed applicant's bond at Twenty Thousand Dollars. This he was unable to give and resorted to writ of habeas corpus for the purpose of reducing the amount. The evidence discloses that he could give

a bond of Five Thousand Dollars. We have not mentioned the applicant's side of the case. He denies having committed the robbery or participating in it, and claims that he is the subject of a conspiracy on the part of those who were seeking to destroy him and send him to the penitentiary. We are not passing on the merits of the case, nor intending to convey any idea we may have of the facts or credibility of the witnesses. We are of the opinion that the bond is excessive. The trial court should have reduced the bond. We are not intending to discuss the question of jeopardy in case of conviction, but taking the case as presented we are of the opinion the bond is excessive; wherefore the judgment is reversed and bail granted in the sum of Five Thousand Dollars. Upon the giving of his bond in the terms of the law applicant will be discharged from custody.

The judgment is reversed and bail fixed in the sum of Five Thousand Dollars.

*Bail granted.*